## HARRIS v. J. A. STUART LUMBER Co.*

(Division B. Jan. 31, 1927.)

[110 So. 836. No. 26138.]

1. APPEAL AND ERROR. *In determining propriety of directing verdict for appellee, evidence for appellant must be treated as establishing facts it tends to prove.*

In determining propriety of court's action in directing verdict for appellee, the evidence for appellant must be treated as estab-

lishing every material fact which it tends to prove either directly or by reasonable inference.

2. PARTNERSHIP. *On defendant's denying partnership alleged in action of account, plaintiff has burden of proving it to establish liability (Hemingway's Code, section 1635).*

Where defendant, in action on account, denied under oath in accordance with Code 1906, section 1975 (Hemingway's Code, section 1635), the partnership alleged by plaintiff, plaintiff, in order to establish liability for account against such defendant, had burden of proving partnership.

3. PARTNERSHIP. *Evidence held insufficient as matter of law to establish partnership (Hemingway's Code, section 1635).*

Evidence relative to partnership of one of defendants *held* insufficient as matter of law to establish partnership after denial under oath, in accordance with Code 1906, section 1975 (Hemingway's Code, section 1635).

4. PARTNERSHIP. *Creditor, seeking to create liability against partship, denied under oath by persons sued, must show such partnership at time indebtedness was incurred (Hemingway's Code, section 1635).*

Where person is sued as partner and denies partnership under oath, under Code 1906, section 1975 (Hemingway's Code, section 1635), it devolves on creditor seeking to hold alleged partnership liable to show by substantial evidence that at time indebtedness sued on was incurred parties sought to be held as partners were actually such, or holding themselves out as such.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 765, n. 85, 86; Partnership, 30Cyc, p. 403, n. 51; p. 415, n. 28.

APPEAL from circuit court of Winston county.

HON. T. L. LAMB, Judge.

Action by Blon Harris against the J. A. Stuart Lumber Company, a partnership composed of J. A. Stuart and the Philip J. Toomer Lumber Company. Judgment by default against the J. A. Stuart Lumber Company, and judgment for the Philip J. Toomer Lumber Company, and plaintiff appeals. Affirmed.

*J. B. Gully* and *E. M. Livingston,* for appellant.

I. *The verdict is contrary to the evidence.* We admit the rule that the declaration of the partners them-

selves is insufficient to show a partnership, but we think the declaration of the partner coupled with other facts, conditions and circumstances show a partnership to have existed in this case.

II. *The verdict is contrary to the law.* We desire to discuss the law of this case under two general divisions: (1) What constitutes a partnership? (2) Can a corporation be held liable as a partner?

(1) Appellees in this case conducted themselves before the world as partners, induced merchants and business men to extend them credit on the strength of the partnership. *Perry* v. *Randolph,* 6 S. & M. 335; *Karrick* v. *Hannaman,* 169 U. S. 328, 42 L. Ed. 484; *Lea* v. *Guyse,* 13 S. & M. 656. The relation of partners existed in this case under the law of these cases.

(2) As to the liability of a corporation as a partner, see: 14a C. J. pages 293-94; *Churchfield Fuel Co.* v. *Henderson Iron Co.,* 254 Fed. 411; *Newport Bridge Co.* v. *Woolley,* 78 Ky. 523; *Catskill Bank* v. *Grey,* 14 Barb. (N. Y.) 471, 479; *Breinig* v. *Sparrow,* 89 N. E. 37.; *Mestier* v. *Achevalier Pavement Co.,* 108 La. 562, 32 So. 520; *Cleveland Paper Co.* v. *Courier,* 34 N. W. 256; *Snowhill Banking Co.* v. *Oldham Drug Co.,* 37 A. L. R. 1101.

*Byrd & Byrd,* for appellees.

Counsel admit the rule that the declaration of partners themselves is insufficient to show a partnership, but that they think the declarations of the partners coupled with other facts, conditions and circumstances show a partnership to have existed in this case. We submit that they do not go far enough in stating the rule. The rule is that the declarations of one partner are never admissible against the other, and that declaration of one partner, or his admission cannot bind the other. *Teller et al.* v. *Patten et al.,* 20 U. S. L. Ed. 831, and especially the note to that case; *Whitney* v. *Stirling,* 4 Johns 215; *Kir-*

*by* v. *Hewitt,* 26 Barb. 607; *Pleasants et al.* v. *Fant,* 22 U. S. L. Ed. 780; 20 R. C. L. 847.

Because two men are operating together, or have an interest in the same mill, does not necessarily make them partners. There are a great many things which must combine in order to charge both as partners. See *Harris* v. *Threefoot et al.,* 12 So. 355.; *Cudahy Packing Co.* v. *Hibou,* 46 So. 73.

The charter of the Philip J. Toomer Lumber Company authorized it to do certain business connected with the operation of saw mills, etc., but nowhere in its charter is it authorized to enter into partnerships with any other person, firm or corporation, and we submit that in the event it should attempt to do so, its acts would be *ultra vires.* 7 R. C. L. 607; 1 Elliott on Contracts, 717; 20 R. C. L., page 817.

As to the partnership alleged to exist, the defendant Philip J. Toomer Lumber Company denied the same under oath; and having denied it under oath we submit that the burden was on the plaintiff to establish the partnership by a clear preponderance of the evidence. See *Walker Bros.* v. *Nix,* 76 So. 143, 115 Miss. 199; *W. H. Patten & Son* v. *Griffin,* 80 So. 525.

ANDERSON, J., delivered the opinion of the court.

Appellant brought this action in the circuit court of Winston county against appellees, as a partnership, on an account for sawmill supplies, alleged to have been furnished to appellees by appellant. There was a judgment by default against the appellee J. A. Stuart Lumber Company and a verdict and judgment for appellee Philip J. Toomer Lumber Company. From the latter judgment appellant prosecutes this appeal.

At the close of appellant's testimony, on motion of Philip J. Toomer Lumber Company, the evidence was excluded and a verdict directed for Philip J. Toomer Lumber Company. For convenience, we shall refer to

the Philip J. Toomer Lumber Company as the appellee, there being no question for decision affecting the other appellee, J. A. Stuart Lumber Company.

In determining the propriety of the action of the court in directing a verdict for the appellee, the evidence for appellant must be treated as establishing every material fact which it tends to prove either directly or by reasonable inference.

The J. A. Stuart Lumber Company was the trade-name under which J. A. Stuart conducted a sawmill business in Winston county. Appellee was a corporation engaged in the sawmill and lumber business, with offices at Hattiesburg and Houston, in this state. A part of its business was to purchase lumber from other sawmills, including the J. A. Stuart Lumber Company. The latter bought mill supplies from the appellant; thereby becoming indebted to appellant in the amount sued for. Appellant brought this action on an account against both J. A. Stuart Lumber Company and appellee, alleging that they constituted a partnership, and that the mill supplies represented by the account were furnished on the credit of both of them carrying on the sawmill business as a partnership. Appellee denied the partnership under oath, as provided by section 1975, Code of 1906 (section 1635, Hemingway's Code). Under that statute it therefore devolved upon the appellant, in order to establish liability for the account against the appellee, to prove the partnership. The evidence which appellant claimed tended to prove the partnership is substantially as follows:

Appellee bought a sawmill for the J. A. Stuart Lumber Company and largely financed its operation, including the furnishing of money in part, at least, with which to meet its pay rolls. Appellee also bought either all or a considerable portion of the output of the sawmill business of J. A. Stuart Lumber Company. The testimony most strongly relied upon by appellant as tending to show the partnership of the two concerns was that of the witness Lashley, who testified that on a certain occa-

sion he had a talk with Mr. Toomer, appellee's manag-
ing officer, who stated:

"At the start we put up the money and bought the mills,
and the teams and the timber, and sold Mr. Stuart a half
interest in the business, and we were to go fifty-fifty,
and we ran that way awhile, and it wasn't giving satis-
faction, and I took the business over and put Mr. Stuart
on a salary."

The witness was asked, in that connection, whom Mr.
Toomer had reference to in the statement made by him.
In reply, the witness stated: "I figured he meant the
Toomer Lumber Company." The testimony, except that
of the witness Lashley was entirely consistent with the
theory of nonpartnership between appellee and J. A.
Stuart Lumber Company. The evidence that the appel-
lee financed the sawmill business of J. A. Stuart Lum-
ber Company did not tend, in the remotest degree, to es-
tablish a partnership between the two concerns. There
was no evidence in the present case that appellee and
J. A. Stuart Lumber Company held themselves out as
partners and traded as such either before or during the
period of the making of the account sued on. It is true
that the testimony of the witness Lashley tended to show
that a partnership at some period existed between them.
However, we think his testimony was too vague and in-
definite to meet the burden imposed on appellant by this
statute. The witness Lashley did not state when the con-
versation between himself and Toomer, the managing offi-
cer of appellee, took place, or whether Toomer said the
partnership existed before, during, or after the account
sued on was incurred. So far as the testimony goes to
show, the partnership referried to by Toomer in that
conversation might have existed at an entirely different
time from that covered by the period in which the account
was incurred. It might have been long subsequent there-
to. Where a person, under the statute, is sued as a part-
ner and denies the partnership under oath, it devolves
on the creditor seeking to hold the alleged partnership

liable to show by substantial evidence that, at the time the indebtedness sued on was incurred, the parties sought to be held as partners were actually such, or holding themselves out to the business world as such. We think the evidence in this case was too vague and indefinite to meet the burden imposed by the statute; that, under the statute, the testimony failed to raise an issue for the jury.

*Affirmed.*